UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

05 10601 MLW

PAUL E. PARTRIDGE and PAUL E.
PARTRIDGE, JR.,
                    Plaintiff,

v.                                              CIVIL ACTION NO.

APPLICA CONSUMER PRODUCTS, INC.
and BRINK'S HOME SECURITY, INC.;     MAGISTRATE JUDGE _____
                    Defendant.

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED_ N/A
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

**NOTICE OF REMOVAL**

The defendant, Applica Consumer Products, Inc. ("Applica"), hereby notices the removal

of the following described action from the Superior Court Department of Suffolk County,

Commonwealth of Massachusetts ("State Court"), to the United States District Court for the

District of Massachusetts ("District Court"), as authorized by 28 U.S.C. § 1441, et seq. Applica

respectfully submits the following grounds for removal:

I.

The plaintiffs, Paul E. Partridge and Paul E. Partridge, Jr. ("the plaintiffs") filed suit

against Applica on February 23, 2005, in a suit entitled <u>Paul E. Partridge and Paul E. Partridge,</u>

<u>Jr. v. Applica Consumer Products, Inc. and Brink's Home Security, Inc.</u>, Civil Action No.:

SUCV2005-00678, in the Superior Court Department of Suffolk County, Commonwealth of

Massachusetts ("State Court action"). A copy of the plaintiffs' Complaint ("Complaint") is

attached hereto as Exhibit A.

II.

Applica was served with a copy of the Complaint and Summons on March 11, 2005.

Applica has not yet filed an Answer to the Complaint. Applica has not received any other

pleadings or orders in the State Court action. To Applica's knowledge, with the exception of the

filing of the plaintiffs' Complaint, there have been no further proceedings in the State Court action.

### III.

Applica was served with a copy of the Complaint on March 11, 2005, and this Notice of Removal has been filed within the thirty (30) day period prescribed by 28 U.S.C. § 1446 (b).

### IV.

The Complaint seeks an unspecified amount of damages from Applica for property damage and personal injury, which resulted from the alleged mechanical failure of a toaster which was distributed by Applica. The plaintiff seeks these damages from Applica based on theories of negligence, breach of warranty and a violation of M.G.L. c. 93A. The nature of the plaintiffs' allegations are clearly stated in the Complaint, attached hereto as Exhibit A. Applica denies any and all liability on its part for the plaintiffs' claims, and has valid defenses thereto.

### V.

The captioned District Court sits in the district and division embracing the place where the State Court action is pending.

### VI.

The District Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiffs are citizens of Massachusetts, residing in the Town of West Roxbury, County of Suffolk, Commonwealth of Massachusetts. Applica is a corporation duly organized and existing under the laws of Florida, with a principal place of business in Miami Lakes, Florida. Upon information and belief, Brink's Home Security, Inc. in a corporation duly organized and existing under the laws of Delaware, with a principle place of business in Irving, Texas. The amount in controversy, in the event that the plaintiffs were to prevail on their claims, exceeds $75,000 exclusive of interest and costs.

2

## VII.

Pursuant to 28 U.S.C. § 1332 (a), the District Court has original jurisdiction over all civil actions in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and which are between citizens of a state and citizens or subjects of a foreign state. Pursuant to 28 U.S.C. § 1332 (c) (1), a corporation is deemed to be a citizen of any state in which it is incorporated and the state where it has its principal place of business. Therefore, the District Court has original jurisdiction under 28 U.S.C. 1332, and this action may be removed from the State Court pursuant to 28 U.S.C. § 1441 (a) and (b).

## VIII.

Applica and Brink's Home Security, Inc. are the only defendants in this matter.

## IX.

A list of all counsel of record is attached hereto as Exhibit B. An index of all matters being filed herewith is attached hereto as Exhibit C.

## X.

Applica appears herein by and through its attorneys specifically and solely for the purpose of removing the State Court action to the District Court.

## XI.

Promptly after filing this Notice of Removal of the State Court action, Applica will give written notice of such filing to the plaintiffs, and will file a copy of the Notice of Removal with the Clerk of the State Court, which shall effect the removal of the State Court action and the State Court shall proceed no further unless and until the case is remanded.

WHEREFORE, the defendant, Applica Consumer Products, Inc., prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid Complaint be removed from the State Court to the District Court for trial and determination as provided by law, that the District

Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said State Court action, and thereupon proceed with this civil action as if it had originally been commenced in the District Court.

SO NOTICED this 23rd day of March, 2005.

Respectfully Submitted,
Applica Consumer Products, Inc.,
By its attorneys,

Maynard M. Kirpalani, BBO# 273940
Geoffrey M. Coan, BBO# 641998
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing
Pleading on all parties by mailing same, postage
Prepaid, to all counsel of record.
Signed under the pains and penalties of perjury.

DATED: March 23, 2005

# Commonwealth of Massachusetts



SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. __05-0678__

Paul E. Partridge & Paul E. Partridge, Jr.
_____ , Plaintiff(s)

v.

Applica Consumer Products, Inc. and
Brink's HOme Security, Inc.
_____ , Defendant(s)

## SUMMONS

To the above-named Defendant: Applica Consumer Products, Inc.

You are hereby summoned and required to serve upon __Jason E. Cohn, Esquire__

__Tommasino & Tommasino__

plaintiff's attorney, whose address is __Two Center Plaza, Boston, MA 021 08__ an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** _____ p, Esquire, at Boston, the _____ day of
_____ March _____ , in the year of our Lord two thousand __2005__ _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

A true copy Attest:

3/ 11 /05 | Deputy Sheriff Suffolk County

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                               DOCKET NO.

PAUL E. PARTRIDGE,            )              05-0678
PAUL E. PARTRIDGE, JR.        )
Plaintiffs,                   )
                             )
                             )
V.                            )              **COMPLAINT AND**
                             )              **JURY DEMAND**
                             )              **RECEIVED**
APPLICA CONSUMER PRODUCTS, INC.,   )
BRINK'S HOME SECURITY, INC.,  )              FEB 22 2005
Defendants,                   )
                             )              SUPERIOR COURT · CIVIL
                             )              MICHAEL JOSEPH DONOVAN
                                             CLERK / MAGISTRATE

The Plaintiffs, PAUL E. PARTRIDGE and PAUL E. PARTRIDE, JR., by their attorney,

hereby allege as follows:

### PARTIES

1. At all times material hereto, PAUL E. PARTRIDGE and PAUL E. PARTRIDGE, JR. are

   father and son and are individual residents of the Commonwealth of Massachusetts and

   owners of record of certain real and personal property situated at 61 Grayfield Ave., West

   Roxbury, Suffolk County, Massachusetts (hereinafter referred to as the "Plaintiffs").

2. At all times material hereto, the defendant, APPLICA CONSUMER PRODUCTS, INC.,

   upon information and belief, is a foreign corporation doing business within the

   Commonwealth of Massachusetts and is a manufacturer and distributor of consumer

   appliances, including "Black & Decker" toaster TS 215, and is actively engaged in interstate

   commerce, including such business within the Commonwealth of Massachusetts. (hereinafter

   referred to as "Defendant Applica".)

3. At all times material hereto, the defendant, BRINK'S HOME SECURITY, INC., upon

   information and belief, is a foreign corporation doing business within the Commonwealth of

Massachusetts and is a manufacturer and distributor of consumer appliances, including

Brink's security and alarm systems designed for residential use, and is actively engaged in

interstate commerce, including such business within the Commonwealth of Massachusetts.

(hereinafter referred to as "Defendant Brink's".)

## ALLEGATIONS OF FACT COMMON TO ALL COUNTS

4. Upon information and belief and at all times material hereto, Defendant Applica

   manufactured and distributed for retail sale, a line of toasters, one of which, "Black &

   Decker" brand with model number TS 215, was purchased, owned and operated exclusively

   by the Plaintiff.

5. Upon information and belief, however, the subject toaster was defectively designed and/or

   manufactured in such a way as to cause the product to malfunction and thereby render it

   unreasonably dangerous and unfit for its expected use during normal operation.

6. Several similar toasters were, in fact, the subjects of national recalls instituted by the United

   States Consumer Product Safety Commission prior to the Plaintiffs' catastrophic fire.

7. As a direct and proximate result of the aforementioned defect, on or about April 12, 2002,

   being in essentially the same condition as when originally purchased, the subject toaster did

   in fact malfunction, causing a dangerous fire which resulted in the destruction of the

   Plaintiffs' subject dwelling and personal property contained therein.

8. The Plaintiffs suffered grievous bodily injury as a direct and proximate result of this fire

   requiring emergency and follow-up medical treatment.

9. As a direct and proximate result of the fire caused by the Defendant Applica's defective

   product, the Plaintiffs suffered bodily injury, sustaining great pain and suffering therefrom,

   as well as extensive loss to real and personal property.

2

10. Upon information and belief and at all times material hereto, Defendant Brink's manufactured, distributed for retail sale, installed and maintained residential home security systems, one of which was purchased, owned and operated exclusively by the Plaintiffs.

11. Upon information and belief, however, the subject alarm system was defectively designed, maintained and/or manufactured in such a way as to cause the product to malfunction and thereby render it unreasonably unreliable and unfit for its expected use during normal operation.

12. As a direct and proximate result of the aforementioned defect, on or about April 12, 2002, being in essentially the same condition as when originally purchased, and as maintained by the Defendant Brink's, the subject alarm system did in fact malfunction, exacerbating damages caused by a dangerous fire resulting in the destruction of the Plaintiffs' subject dwelling and personal property contained therein.

13. The Plaintiff suffered grievous bodily injury as a direct and proximate result of this fire requiring emergency and follow-up medical treatment.

14. As a direct and proximate result of the fire exacerbated by the Defendant Brink's defective product, the Plaintiffs suffered bodily injury, sustaining great pain and suffering therefrom, as well as extensive loss to real and personal property.

## COUNT I: BREACH OF EXPRESS WARRANTY (APPLICA)

15. Plaintiffs repeat the allegations contained in paragraphs 1 through 14 above, and, heretofore, reincorporate them by reference herein.

16. The Plaintiffs relied upon the skill and judgment of the Defendant Applica's express warranties through labels, advertisements and verbal representations that the subject toaster could be used for its intended or particular purpose, and expressly warranted, through such

3

labels, advertisements and verbal representations, that the product was safe and free from defects.

17. At the time of the Plaintiffs' original purchase of the subject product, the Defendant Applica's express warranties were not true and the subject toaster was not safe or reasonably suitable and fit for the uses advertised by the Defendant to the general public, including the Plaintiffs. Such breaches of express warranties by the defendant were a proximate cause of Plaintiffs' damages alleged herein.

## COUNT II: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## (APPLICA)

18. Plaintiffs repeat the allegations contained in paragraphs 1 through 17 above and, heretofore reincorporate them by reference herein.

19. The Defendant impliedly warranted that the subject toaster was of merchantable quality, fit, safe, and in proper condition for the ordinary use for which the product was designed, manufactured and ultimately used. In reliance upon the implied warranty of merchantability, the Plaintiffs operated the subject product as set forth above.

20. The subject toaster was, in fact, not of merchantable quality and was unfit, unsafe and unusable for the purpose for which it was designed and manufactured.

21. As a direct and proximate result of the Defendant's breach of the implied warranty of merchantability, the Plaintiffs were damaged as set forth above.

## COUNT III: BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR
## PARTICULAR PURPOSE (APPLICA)

22. Plaintiffs repeat the allegations contained in paragraphs 1 through 21 above and, heretofore reincorporate them by reference herein.

23. The subject toaster was designed, manufactured, distributed and sold by the Defendant Applica with the reasonable expectation that the product would be used by its consumer for its intended purpose, and knew or should have known, in the exercise of ordinary care, that the subject toaster, if improperly or defectively designed or manufactured, was potentially hazardous and therefore a dangerous instrumentality. In careless disregard for its duties, the Defendant Applica allowed the subject toaster to enter the stream of commerce in an unsafe and defective condition such that the product's internal components would malfunction causing a fire that would destroy valuable property and cause bodily injury.

24. The subject toaster's internal components as designed, manufactured, distributed and sold were defective and not reasonably safe fir intended and foreseeable uses.

25. The aforesaid defect, caused by the Defendant Applica's negligence, was the direct and proximate cause of the Plaintiffs' damages which resulted when, during normal and foreseeable use, the subject toaster's internal components malfunctioned and caused a catastrophic fire.

## COUNT IV: NEGLIGENCE (APPLICA)

26. Plaintiffs repeat the allegations contained in paragraphs 1 through 25 above and, heretofore reincorporate them herein.

27. Defendant Applica had a duty to the Plaintiffs to provide a reasonably safe product and to warn of any reasonably forseeable dangers and/or defects associated with said product.

28. Defendant Applica breached that duty in failing to provide a reasonably safe product and in failing to warn the Plaintiffs of known dangers and defect associated with the subject toaster.

29. As a direct and proximate result of the Defendant Applica's breach of duty, the Plaintiffs were damaged as set forth above.

## COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (APPLICA)

30. Plaintiffs repeat the allegations contained in paragraphs 1 through 29 above and, heretofore reincorporate them herein.

31. Defendant Applica's conduct was extreme and outrageous in failing to provide a reasonably safe product and in failing to warn the Plaintiffs of known dangers and defects associated with the subject toaster.

32. As a direct and proximate result of the Defendant's extreme and outrageous conduct, Plaintiffs suffered severe emotional distress.

33. Plaintiffs' emotional distress manifested in physical ailments including, but not limited to, stress, anxiety, sleeplessness, loss of appetite, headaches, and nausea.

## COUNT VI: BREACH OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
## (M.G.L.c.93A) (APPLICA)

34. Plaintiffs repeat the allegations contained in paragraphs 1 through 33 above and, heretofore reincorporate them herein.

35. At all time material hereto, the Defendant Applica was, and continues to be, engaged in interstate trade and commerce.

36. The aforesaid breaches of warranty and negligence of the Defendant Applica in designing, manufacturing, distributing and selling a defective and unreasonably dangerous toaster, constitutes an unfair and deceptive business act or practice proscribed by this state's Consumer Protection Statute, under Massachusetts General Laws, Chapter 93A, §§ 2 and 9.

37. As a result of the above described unfair and deceptive act or practice, the Plaintiffs have sustained extensive damages and bodily injury as a proximate result of the involved fire and corresponding destruction of their property.

6

38. On or about September 14, 2004, the Plaintiffs, through their attorney, delivered to Defendant Applica's legal counsel, via US Postal Service certified mail, return receipt requested, a written demand letter drafted pursuant to the aforementioned Consumer Protection Statute, identifying the claimant and reasonably describing the unfair acts and practices relied upon and the damages sustained, with detailed supporting documentation and proof demonstrating the Defendant Applica's corresponding liability for the involved damage is more than reasonable clear.

39. Defendant Applica has subsequently failed to do any of the following:

   a) respond to the aforementioned consumer protection claim in accordance with Massachusetts General Laws Chapter 93A;

   b) accept responsibility for the involved damage claim;

   c) provide any reasonable explanation or basis for their implicit declination; and,

   d) make any reasonable attempt to settle the Plaintiffs' claim while failing to provide any reasonable explanation or basis for their inaction.

40. Therefore, in addition to Plaintiffs' original, underlying damages, Plaintiffs have also sustained further damage caused by the Defendant Applica's continuing failure to resolve this matter in good faith in accordance with the applicable provisions of the aforementioned Consumer Protection Statute.

## COUNT I: BREACH OF EXPRESS WARRANTY (BRINK'S)

41. Plaintiffs repeat the allegations contained in paragraphs 1 through 40 above, and, heretofore, reincorporate them by reference herein.

42. The Plaintiffs relied upon the skill and judgment of the Defendant Brink's express warranties through labels, advertisements and verbal representations that the subject residential security

7

alarm system could be used for its intended or particular purpose, and expressly warranted, through such labels, advertisements and verbal representations, that the product was safe and free from defects.

43. At the time of the Plaintiffs' original purchase of the subject product, the Defendant Brink's express warranties were not true and the subject residential security alarm system was not safe or reasonably suitable and fit for the uses advertised by the Defendant to the general public, including the Plaintiffs. Such breaches of express warranties by the defendant were a proximate cause of Plaintiffs' damages alleged herein.

## COUNT II: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (BRINK'S)

44. Plaintiffs repeat the allegations contained in paragraphs 1 through 43 above and, heretofore reincorporate them by reference herein.

45. The Defendant impliedly warranted that the subject residential security alarm system was of merchantable quality, fit, safe, and in proper condition for the ordinary use for which the product was designed, manufactured and ultimately used. In reliance upon the implied warranty of merchantability, the Plaintiffs operated the subject product as set forth above.

46. The subject residential security alarm system was in fact not of merchantable quality and was unfit, unsafe and unusable for the purpose for which it was designed and manufactured.

47. As a direct and proximate result of the Defendant's breach of the implied warranty of merchantability, the Plaintiffs were damaged as set forth above.

## COUNT III: BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR

## PARTICULAR PURPOSE (BRINK'S)

48. Plaintiffs repeat the allegations contained in paragraphs 1 through 47 above and, heretofore reincorporate them by reference herein.

49. The subject residential security alarm system was designed, manufactured, distributed and sold by the Defendant Brink's with the reasonable expectation that the product would be used by its consumer for its intended purpose, and knew or should have known, in the exercise of ordinary care, that the subject residential security alarm system, if improperly or defectively designed or manufactured, was potentially hazardous and therefore a dangerous instrumentality. In careless disregard for its duties, the Defendant Brink's allowed the subject residential security alarm system to enter the stream of commerce in an unsafe and defective condition such that the product's internal components would malfunction causing a fire that would destroy valuable property and cause bodily injury.

50. The subject residential security alarm system's internal components as designed, manufactured, distributed and sold were defective and not reasonably safe fir intended and foreseeable uses.

51. The aforesaid defect, caused by the Defendant Brink's negligence, was the direct and proximate cause of the Plaintiffs' damages which resulted when, during normal and foreseeable use, the subject residential security alarm system's internal components malfunctioned and caused a catastrophic fire.

## COUNT IV: NEGLIGENCE (BRINK'S)

52. Plaintiffs repeat the allegations contained in paragraphs 1 through 51 above and, heretofore reincorporate them herein.

53. Defendant Brink's had a duty to the Plaintiffs to provide a reasonably safe product and to warn of any reasonably forseeable dangers and/or defects associated with said product.

54. Defendant Brink's breached that duty in failing to provide a reasonably safe product and in failing to warn the Plaintiffs of known dangers and defect associated with the subject residential security alarm system.

55. As a direct and proximate result of the Defendant Brink's breach of duty, the Plaintiffs were damaged as set forth above.

## COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (BRINK'S)

56. Plaintiffs repeat the allegations contained in paragraphs 1 through 55 above and, heretofore reincorporate them herein.

57. Defendant Brink's conduct was extreme and outrageous in failing to provide a reasonably safe product and in failing to warn the Plaintiffs of known dangers and defects associated with the subject residential security alarm system.

58. As a direct and proximate result of the Defendant's extreme and outrageous conduct, Plaintiffs suffered severe emotional distress.

59. Plaintiffs' emotional distress manifested in physical ailments including, but not limited to, stress, anxiety, sleeplessness, loss of appetite, headaches, and nausea.

## COUNT VI: BREACH OF THE MASSACHUSETTS CONSUMER PROTECTION ACT (M.G.L.c.93A) (BRINK'S)

60. Plaintiffs repeat the allegations contained in paragraphs 1 through 59 above and, heretofore reincorporate them herein.

61. At all time material hereto, the Defendant Brink's was, and continues to be, engaged in interstate trade and commerce.

62. The aforesaid breaches of warranty and negligence of the Defendant Brink's in designing, manufacturing, distributing and selling a defective and unreasonably dangerous residential security alarm system, constitutes an unfair and deceptive business act or practice proscribed by this state's Consumer Protection Statute, under Massachusetts General Laws, Chapter 93A, §§ 2 and 9.

63. As a result of the above described unfair and deceptive act or practice, the Plaintiffs have sustained extensive damages and bodily injury as a proximate result of the involved fire and corresponding destruction of their property.

64. On or about September 14, 2004, the Plaintiffs, through their attorney, delivered to Defendant Brink's, via US Postal Service certified mail, return receipt requested, a written demand letter drafted pursuant to the aforementioned Consumer Protection Statute, identifying the claimant and reasonably describing the unfair acts and practices relied upon and the damages sustained, with detailed supporting documentation and proof demonstrating the Defendant Brink's corresponding liability for the involved damage is more than reasonable clear.

65. Defendant Brink's has subsequently failed to do any of the following:

    e) respond to the aforementioned consumer protection claim in accordance with Massachusetts General Laws Chapter 93A;

    f) accept responsibility for the involved damage claim;

    g) provide any reasonable explanation or basis for their implicit declination; and,

    h) make any reasonable attempt to settle the Plaintiffs' claim while failing to provide any reasonable explanation or basis for their inaction.

67. Therefore, in addition to Plaintiffs' original, underlying damages, Plaintiffs have also

sustained further damage caused by the Defendant Brink's continuing failure to resolve this

matter in good faith in accordance with the applicable provisions of the aforementioned

Consumer Protection Statute.


**WHEREFORE**, the Plaintiffs, PAUL E. PARTRIDGE and PAUL E. PARTRIDE, JR., request

the following relief:

1. Enter judgment against the Defendant Applica Consumer Products, Inc.;

2. Enter judgment against the Defendant Brink's Home Security, Inc.;

3. Award damages to the Plaintiffs in an amount that this court deems just and appropriate;

4. Treble the amount of damages awarded as provided by M.G.L., Chapter 93A;

5. Award Plaintiffs interest, costs and expenses, and attorney's fees; and,

6. Award such other relief as this court deems just and appropriate.

## **JURY DEMAND**

PLAINTIFFS REQUEST TRIAL BY JURY ON ALL COUNTS REFERENCED ABOVE.


Respectfully Submitted,
By the Plaintiffs,
**Paul E. Partridge and
Paul E. Partridge, Jr.,**
By Their Attorney


Jason E. Cohn
TOMMASINO & TOMMASINO
Two Center Plaza
Boston, MA  02810
(617) 723-1720
B.B.O.#638259

## LIST OF COUNSEL OF RECORD

<u>For the Plaintiff</u>

Jason E. Cohn, Esquire, BBO# 638259
Tommasino & Tommasino
Two Center Plaza
Boston, MA 02108
(617)723-1720

<u>For the Defendant</u>

Maynard M. Kirpalani, BBO# 273940
Geoffrey M. Coan, BBO# 641998
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
155 Federal St., 5th Floor
Boston, MA 02110
(617) 422-5300

## MATTERS FILED WITH NOTICE OF REMOVAL

1.     Plaintiff's Summons and Complaint

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSET

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)**_____

   Paul E. Partridge, et al. v. Applica Consumer Products, Inc. et al.

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   385  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).**

   _____

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**

   NO

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?** NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?** NO

7. **DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES_____ ___OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES_____**

   NO

8. **DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?   YES_____ (a) .. IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?_____**

9. **IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?_____**

10. **IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION_____ _____ OR WESTERN SECTION_____**

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Geoffrey M. Coan

ADDRESS  Wilson, Elser et at., 155 Federal Street, Boston, MA 02110

TELEPHONE NO.  (617)422-5300

(Category.frm - 09/92)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Paul E. Partridge and Paul E. Partridge, Jr.

## DEFENDANTS

Applica Consumer Products, Inc. and Brink's Home Security, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Dade County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jason E. Cohn, Esquire
Tommasino & Tommasino
Two Center Plaza
Boston, MA 02108

ATTORNEYS (IF KNOWN) Maynard M. Kirpalani, Esquire
Geoffrey M. Coan, Esquire
Wilson, Esler, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110      (617)422-5300

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of
Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Diversity of citizenship 28 U.S.C. sec. 1332

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____  DOCKET NUMBER _____

DATE
3/23/05

SIGNATURE OF ATTORNEY OF RECORD

**UNITED STATES DISTRICT COURT**