# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

155 Federal Street, Boston, Massachusetts 02110   Tel: (617) 422-5300   Fax: (617) 423-6917

*New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago • White Plains, NY*
*Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • McLean, VA • Stamford • London*
*Affiliate Offices:  Paris • Berlin • Cologne • Frankfurt • Munich*

www.wemed.com

Geoffrey M. Coan
Writer's Ext.: 5408
CoanG@wemed.com

April 14, 2005

**VIA HAND DELIVERY**

Civil Clerk's Office
United States District Court
One Courthouse Way
Boston, MA 02210

05-10601-MCW

Re:    Re: Paul E. Partridge, et al. v. Applica Consumer Products, Inc., et al.

Dear Sir/Madam:

En·losed please find certified copies of the docket in Suffolk Superior Court for the above-referenced matter, Civil Action No. 05 00678 pursuant to the Removal in the above captioned matter and local Rule 81.1.

Thank you for your assistance in this matter.

Very truly yours,

Geoffrey M. Coan

GMC/svr
Enclosures

cc: Jason E. Cohn (w/out enclosures)
    Jillian Hirsch  (w/out enclosures)

36997.1

*Suffolk Superior Civil # 05-0678*

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

PAUL E. PARTRIDGE and PAUL E.
PARTRIDGE, JR.,
        Plaintiff,

v.

APPLICA CONSUMER PRODUCTS, INC.
and BRINK'S HOME SECURITY, INC.,
        Defendant.

CIVIL ACTION NO.

*U.S. DIST.# 05-10601MLW*

## NOTICE OF REMOVAL

The defendant, Applica Consumer Products, Inc. ("Applica"), hereby notices the removal

of the following described action from the Superior Court Department of Suffolk County,

Commonwealth of Massachusetts ("State Court"), to the United States District Court for the

District of Massachusetts ("District Court"), as authorized by 28 U.S.C. § 1441, et seq. Applica

respectfully submits the following grounds for removal:

I.

The plaintiffs, Paul E. Partridge and Paul E. Partridge, Jr. ("the plaintiffs") filed suit

against Applica on February 23, 2005, in a suit entitled Paul E. Partridge and Paul E. Partridge,

Jr. v. Applica Consumer Products, Inc. and Brink's Home Security, Inc., Civil Action No.:

SUCV2005-00678, in the Superior Court Department of Suffolk County, Commonwealth of

Massachusetts ("State Court action"). A copy of the plaintiffs' Complaint ("Complaint") is

attached hereto as Exhibit A.

II.

Applica was served with a copy of the Complaint and Summons on March 11, 2005.

Applica has not yet filed an Answer to the Complaint. Applica has not received any other

pleadings or orders in the State Court action. To Applica's knowledge, with the exception of the

35818.1

filing of the plaintiffs' Complaint, there have been no further proceedings in the State Court action.

### III.

Applica was served with a copy of the Complaint on March 11, 2005, and this Notice of Removal has been filed within the thirty (30) day period prescribed by 28 U.S.C. § 1446 (b).

### IV.

The Complaint seeks an unspecified amount of damages from Applica for property damage and personal injury, which resulted from the alleged mechanical failure of a toaster which was distributed by Applica. The plaintiff seeks these damages from Applica based on theories of negligence, breach of warranty and a violation of M.G.L. c. 93A. The nature of the plaintiffs' allegations are clearly stated in the Complaint, attached hereto as Exhibit A. Applica denies any and all liability on its part for the plaintiffs' claims, and has valid defenses thereto.

### V.

The captioned District Court sits in the district and division embracing the place where the State Court action is pending.

### VI.

The District Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiffs are citizens of Massachusetts, residing in the Town of West Roxbury, County of Suffolk, Commonwealth of Massachusetts. Applica is a corporation duly organized and existing under the laws of Florida, with a principal place of business in Miami Lakes, Florida. Upon information and belief, Brink's Home Security, Inc. in a corporation duly organized and existing under the laws of Delaware, with a principle place of business in Irving, Texas. The amount in controversy, in the event that the plaintiffs were to prevail on their claims, exceeds $75,000 exclusive of interest and costs.

2

35818.1

## VII.

Pursuant to 28 U.S.C. § 1332 (a), the District Court has original jurisdiction over all civil actions n which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and which are between citizens of a state and citizens or subjects of a foreign state. Pursuant to 28 U.S.C. § 1332 (c) (1), a corporation is deemed to be a citizen of any state in which it is incorporated and the state where it has its principal place of business. Therefore, the District Court has original jurisdiction under 28 U.S.C. 1332, and this action may be removed from the State Court pursuant to 28 U.S.C. § 1441 (a) and (b).

## VIII.

Applica and Brink's Home Security, Inc. are the only defendants in this matter.

## IX.

A list of all counsel of record is attached hereto as Exhibit B. An index of all matters being filed herewith is attached hereto as Exhibit C.

## X.

Applica appears herein by and through its attorneys specifically and solely for the purpose of removing the State Court action to the District Court.

## XI.

Promptly after filing this Notice of Removal of the State Court action, Applica will give written notice of such filing to the plaintiffs, and will file a copy of the Notice of Removal with the Clerk of the State Court, which shall effect the removal of the State Court action and the State Court shall proceed no further unless and until the case is remanded.

WHEREFORE, the defendant, Applica Consumer Products, Inc., prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid Complaint be removed from the State Court to the District Court for trial and determination as provided by law, that the District

35818.1

3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                   SUPERIOR COURT
                                              CIVIL ACTION NO. 2005-00678

PAUL E. PARTRIDGE and PAUL E.
PARTRIDGE, JR.,
                    Plaintiff,

v.

APPLICA CONSUMER PRODUCTS, INC.
and BRINK'S HOME SECURITY, INC.,
                    Defendant.



## NOTICE OF CASE HAVING BEEN REMOVED

## TO THE HONORABLE JUSTICE AND CLERK OF THIS COURT:

Applica Consumer Products, Inc., the named defendant in this action, files this Notice of

Case Having Been Removed.   Attached hereto is a true and correct copy of the Notice of

Removal filed in the United States District Court for the District of Massachusetts, the filing of

which effected the removal of this action.

                              Respectfully Submitted,
                              Applica Consumer Products, Inc.
                              By its attorneys,


                              Maynard M. Kirpalani, BBO# 273940
                              Geoffrey M. Coan, BBO# 641998
                              Wilson, Elser, Moskowitz, Edelman &
                              Dicker LLP
                              155 Federal Street
                              Boston, MA 02110
Dated: 3/23/05                (617) 422-5300


35817.1

Court enter such orders and issue such process as may be proper to bring before it copies of all

records and proceedings in said State Court action, and thereupon proceed with this civil action

as if it had originally been commenced in the District Court.

SO NOTICED this 23rd day of March, 2005.

Respectfully Submitted,
Applica Consumer Products, Inc.,
By its attorneys,


Maynard M. Kirpalani, BBO# 273940
Geoffrey M. Coan, BBO# 641998
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300


## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing
Pleading on all parties by mailing same, postage
Prepaid, to all counsel of record.
Signed under the pains and penalties of perjury.

DATED: _March 23, 2005_

4

35818.1

## CERTIFICATE OF SERVICE

I Geoffrey M. Coan, hereby certify that I have this 23rd day of March, 2005, served a copy of the foregoing upon all parties of record by mailing same postage prepaid to:

Jason E. Cohn, Esquire
Tommasino & Tommasino
Two Center Plaza
Boston, Massachusetts 02108-1904

Geoffrey M. Coan

35817.1

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## SUCV2005-00678
### Partridge et al v Applica Consumer Products Inc et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 02/22/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 04/06/2005 | **Session** | G - Civil G | | |
| **Origin** | 1 | **Case Type** | B05 - Products liability | | |
| **Lead Case** | | **Track** | A | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 05/23/2005 | **Answer** | 07/22/2005 | **Rule12/19/20** | 07/22/2005 |
| **Rule 15** | 05/18/2006 | **Discovery** | 04/13/2007 | **Rule 56** | 06/12/2007 |
| **Final PTC** | 10/10/2007 | **Disposition** | 02/22/2008 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Paul E Partridge
Active 02/22/2005

**Private Counsel 638259**
Jason E Cohn
Tommasino & Tommasino
2 Center Plaza
Suite 800
Boston, MA 02108
Phone: 617-723-1720
Fax: 617-557-5677
Active 02/22/2005 Notify

**Plaintiff**
Paul E  Partridge Jr
Active 02/22/2005

*** See Attorney Information Above ***

**Defendant**
Applica Consumer Products Inc
Service pending 02/22/2005

**Private Counsel 273940**
Maynard M Kirpalani
Wilson Elser Moskowitz Edelman & Dicker
LLP
155 Federal Street
5th Floor
Boston, MA 02110
Phone: 617-422-5300
Fax: 617-423-6917
Active 04/06/2005 Notify

**Private Counsel 641998**
Geoffrey M Coan
Wilson Elser Moskowitz Edelman & Dicker
LLP
155 Federal Street
5th Floor
Boston, MA 02110
Phone: 617-422-5300
Fax: 617-423-6917
Active 04/06/2005 Notify

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2005-00678
## Partridge et al v Applica Consumer Products Inc et al

| Defendant | |
|---|---|
| Brinks Home Security Inc<br>Service pending 02/22/2005 | |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/22/2005 | 1.0 | Complaint & jury demand on complaint (all issues) |
| 02/22/2005 | | Origin 1, Type B05, Track A. |
| 02/22/2005 | 2.0 | Civil action cover sheet filed |
| 03/24/2005 | | Copy of petition for removal to U. S. Dist. Court of Deft. Applica<br>Consumer Products, Inc. U. S. Dist.#(05-10601MLW). just received U.<br>S.#on 4/6/05. |
| 04/06/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

I HEREBY ATTEST AND CERTIFY ON
APRIL 7, 2005 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
DOCKET NO.  05-0628

|  |  |
|---|---|
| PAUL E. PARTRIDGE,<br>PAUL E. PARTRIDGE, JR.<br>Plaintiffs, | )<br>)<br>)<br>) |
| V. | )<br>) |
| APPLICA CONSUMER PRODUCTS, INC.,<br>BRINK'S HOME SECURITY, INC.,<br>Defendants, | )<br>)<br>) |

**COMPLAINT AND
JURY DEMAND**

The Plaintiffs, PAUL E. PARTRIDGE and PAUL E. PARTRIDE, JR., by their attorney, hereby allege as follows:

## PARTIES

1.  At all times material hereto, PAUL E. PARTRIDGE and PAUL E. PARTRIDGE, JR. are father and son and are individual residents of the Commonwealth of Massachusetts and owners of record of certain real and personal property situated at 61 Grayfield Ave., West Roxbury, Suffolk County, Massachusetts (hereinafter referred to as the "Plaintiffs").

2.  At all times material hereto, the defendant, APPLICA CONSUMER PRODUCTS, INC., upon information and belief, is a foreign corporation doing business within the Commonwealth of Massachusetts and is a manufacturer and distributor of consumer appliances, including "Black & Decker" toaster TS 215, and is actively engaged in interstate commerce, including such business within the Commonwealth of Massachusetts. (hereinafter referred to as "Defendant Applica".)

3.  At all times material hereto, the defendant, BRINK'S HOME SECURITY, INC., upon information and belief, is a foreign corporation doing business within the Commonwealth of

Massachusetts and is a manufacturer and distributor of consumer appliances, including

Brink's security and alarm systems designed for residential use, and is actively engaged in

interstate commerce, including such business within the Commonwealth of Massachusetts.

(hereinafter referred to as "Defendant Brink's".)

## ALLEGATIONS OF FACT COMMON TO ALL COUNTS

4.  Upon information and belief and at all times material hereto, Defendant Applica
    manufactured and distributed for retail sale, a line of toasters, one of which, "Black &
    Decker" brand with model number TS 215, was purchased, owned and operated exclusively
    by the Plaintiff.

5.  Upon information and belief, however, the subject toaster was defectively designed and/or
    manufactured in such a way as to cause the product to malfunction and thereby render it
    unreasonably dangerous and unfit for its expected use during normal operation.

6.  Several similar toasters were, in fact, the subjects of national recalls instituted by the United
    States Consumer Product Safety Commission prior to the Plaintiffs' catastrophic fire.

7.  As a direct and proximate result of the aforementioned defect, on or about April 12, 2002,
    being in essentially the same condition as when originally purchased, the subject toaster did
    in fact malfunction, causing a dangerous fire which resulted in the destruction of the
    Plaintiffs' subject dwelling and personal property contained therein.

8.  The Plaintiffs suffered grievous bodily injury as a direct and proximate result of this fire
    requiring emergency and follow-up medical treatment.

9.  As a direct and proximate result of the fire caused by the Defendant Applica's defective
    product, the Plaintiffs suffered bodily injury, sustaining great pain and suffering therefrom,
    as well as extensive loss to real and personal property.

2

10. Upon information and belief and at all times material hereto, Defendant Brink's manufactured, distributed for retail sale, installed and maintained residential home security systems, one of which was purchased, owned and operated exclusively by the Plaintiffs.

11. Upon information and belief, however, the subject alarm system was defectively designed, maintained and/or manufactured in such a way as to cause the product to malfunction and thereby render it unreasonably unreliable and unfit for its expected use during normal operation.

12. As a direct and proximate result of the aforementioned defect, on or about April 12, 2002, being in essentially the same condition as when originally purchased, and as maintained by the Defendant Brink's, the subject alarm system did in fact malfunction, exacerbating damages caused by a dangerous fire resulting in the destruction of the Plaintiffs' subject dwelling and personal property contained therein.

13. The Plaintiff suffered grievous bodily injury as a direct and proximate result of this fire requiring emergency and follow-up medical treatment.

14. As a direct and proximate result of the fire exacerbated by the Defendant Brink's defective product, the Plaintiffs suffered bodily injury, sustaining great pain and suffering therefrom, as well as extensive loss to real and personal property.

## COUNT I: BREACH OF EXPRESS WARRANTY (APPLICA)

15. Plaintiffs repeat the allegations contained in paragraphs 1 through 14 above, and, heretofore, reincorporate them by reference herein.

16. The Plaintiffs relied upon the skill and judgment of the Defendant Applica's express warranties through labels, advertisements and verbal representations that the subject toaster could be used for its intended or particular purpose, and expressly warranted, through such

3

labels, advertisements and verbal representations, that the product was safe and free from

defects.

17. At the time of the Plaintiffs' original purchase of the subject product, the Defendant

Applica's express warranties were not true and the subject toaster was not safe or reasonably

suitable and fit for the uses advertised by the Defendant to the general public, including the

Plaintiffs. Such breaches of express warranties by the defendant were a proximate cause of

Plaintiffs' damages alleged herein.

### COUNT II: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### (APPLICA)

18. Plaintiffs repeat the allegations contained in paragraphs 1 through 17 above and, heretofore

reincorporate them by reference herein.

19. The Defendant impliedly warranted that the subject toaster was of merchantable quality, fit,

safe, and in proper condition for the ordinary use for which the product was designed,

manufactured and ultimately used. In reliance upon the implied warranty of merchantability,

the Plaintiffs operated the subject product as set forth above.

20. The subject toaster was, in fact, not of merchantable quality and was unfit, unsafe and

unusable for the purpose for which it was designed and manufactured.

21. As a direct and proximate result of the Defendant's breach of the implied warranty of

merchantability, the Plaintiffs were damaged as set forth above.

### COUNT III: BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR

### PARTICULAR PURPOSE (APPLICA)

22. Plaintiffs repeat the allegations contained in paragraphs 1 through 21 above and, heretofore

reincorporate them by reference herein.

4

23. The subject toaster was designed, manufactured, distributed and sold by the Defendant Applica with the reasonable expectation that the product would be used by its consumer for its intended purpose, and knew or should have known, in the exercise of ordinary care, that the subject toaster, if improperly or defectively designed or manufactured, was potentially hazardous and therefore a dangerous instrumentality. In careless disregard for its duties, the Defendant Applica allowed the subject toaster to enter the stream of commerce in an unsafe and defective condition such that the product's internal components would malfunction causing a fire that would destroy valuable property and cause bodily injury.

24. The subject toaster's internal components as designed, manufactured, distributed and sold were defective and not reasonably safe fir intended and foreseeable uses.

25. The aforesaid defect, caused by the Defendant Applica's negligence, was the direct and proximate cause of the Plaintiffs' damages which resulted when, during normal and foreseeable use, the subject toaster's internal components malfunctioned and caused a catastrophic fire.

## COUNT IV: NEGLIGENCE (APPLICA)

26. Plaintiffs repeat the allegations contained in paragraphs 1 through 25 above and, heretofore reincorporate them herein.

27. Defendant Applica had a duty to the Plaintiffs to provide a reasonably safe product and to warn of any reasonably forseeable dangers and/or defects associated with said product.

28. Defendant Applica breached that duty in failing to provide a reasonably safe product and in failing to warn the Plaintiffs of known dangers and defect associated with the subject toaster.

29. As a direct and proximate result of the Defendant Applica's breach of duty, the Plaintiffs were damaged as set forth above.

5

## COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (APPLICA)

30. Plaintiffs repeat the allegations contained in paragraphs 1 through 29 above and, heretofore reincorporate them herein.

31. Defendant Applica's conduct was extreme and outrageous in failing to provide a reasonably safe product and in failing to warn the Plaintiffs of known dangers and defects associated with the subject toaster.

32. As a direct and proximate result of the Defendant's extreme and outrageous conduct, Plaintiffs suffered severe emotional distress.

33. Plaintiffs' emotional distress manifested in physical ailments including, but not limited to, stress, anxiety, sleeplessness, loss of appetite, headaches, and nausea.

## COUNT VI: BREACH OF THE MASSACHUSETTS CONSUMER PROTECTION ACT (M.G.L.c.93A) (APPLICA)

34. Plaintiffs repeat the allegations contained in paragraphs 1 through 33 above and, heretofore reincorporate them herein.

35. At all time material hereto, the Defendant Applica was, and continues to be, engaged in interstate trade and commerce.

36. The aforesaid breaches of warranty and negligence of the Defendant Applica in designing, manufacturing, distributing and selling a defective and unreasonably dangerous toaster, constitutes an unfair and deceptive business act or practice proscribed by this state's Consumer Protection Statute, under Massachusetts General Laws, Chapter 93A, §§ 2 and 9.

37. As a result of the above described unfair and deceptive act or practice, the Plaintiffs have sustained extensive damages and bodily injury as a proximate result of the involved fire and corresponding destruction of their property.

6

38. On or about September 14, 2004, the Plaintiffs, through their attorney, delivered to Defendant Applica's legal counsel, via US Postal Service certified mail, return receipt requested, a written demand letter drafted pursuant to the aforementioned Consumer Protection Statute, identifying the claimant and reasonably describing the unfair acts and practices relied upon and the damages sustained, with detailed supporting documentation and proof demonstrating the Defendant Applica's corresponding liability for the involved damage is more than reasonable clear.

39. Defendant Applica has subsequently failed to do any of the following:

   a)  respond to the aforementioned consumer protection claim in accordance with Massachusetts General Laws Chapter 93A;

   b)  accept responsibility for the involved damage claim;

   c)  provide any reasonable explanation or basis for their implicit declination; and,

   d)  make any reasonable attempt to settle the Plaintiffs' claim while failing to provide any reasonable explanation or basis for their inaction.

40. Therefore, in addition to Plaintiffs' original, underlying damages, Plaintiffs have also sustained further damage caused by the Defendant Applica's continuing failure to resolve this matter in good faith in accordance with the applicable provisions of the aforementioned Consumer Protection Statute.

## COUNT I: BREACH OF EXPRESS WARRANTY (BRINK'S)

41  Plaintiffs repeat the allegations contained in paragraphs 1 through 40 above, and, heretofore, reincorporate them by reference herein.

42. The Plaintiffs relied upon the skill and judgment of the Defendant Brink's express warranties through labels, advertisements and verbal representations that the subject residential security

7

alarm system could be used for its intended or particular purpose, and expressly warranted, through such labels, advertisements and verbal representations, that the product was safe and free from defects.

43. At the time of the Plaintiffs' original purchase of the subject product, the Defendant Brink's express warranties were not true and the subject residential security alarm system was not safe or reasonably suitable and fit for the uses advertised by the Defendant to the general public, including the Plaintiffs. Such breaches of express warranties by the defendant were a proximate cause of Plaintiffs' damages alleged herein.

## COUNT II: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (BRINK'S)

44. Plaintiffs repeat the allegations contained in paragraphs 1 through 43 above and, heretofore reincorporate them by reference herein.

45. The Defendant impliedly warranted that the subject residential security alarm system was of merchantable quality, fit, safe, and in proper condition for the ordinary use for which the product was designed, manufactured and ultimately used. In reliance upon the implied warranty of merchantability, the Plaintiffs operated the subject product as set forth above.

46. The subject residential security alarm system was in fact not of merchantable quality and was unfit, unsafe and unusable for the purpose for which it was designed and manufactured.

47. As a direct and proximate result of the Defendant's breach of the implied warranty of merchantability, the Plaintiffs were damaged as set forth above.

## COUNT III: BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR

## PARTICULAR PURPOSE (BRINK'S)

48. Plaintiffs repeat the allegations contained in paragraphs 1 through 47 above and, heretofore reincorporate them by reference herein.

49. The subject residential security alarm system was designed, manufactured, distributed and sold by the Defendant Brink's with the reasonable expectation that the product would be used by its consumer for its intended purpose, and knew or should have known, in the exercise of ordinary care, that the subject residential security alarm system, if improperly or defectively designed or manufactured, was potentially hazardous and therefore a dangerous instrumentality.  In careless disregard for its duties, the Defendant Brink's allowed the subject residential security alarm system to enter the stream of commerce in an unsafe and defective condition such that the product's internal components would malfunction causing a fire that would destroy valuable property and cause bodily injury.

50. The subject residential security alarm system's internal components as designed, manufactured, distributed and sold were defective and not reasonably safe fir intended and foreseeable uses.

51. The aforesaid defect, caused by the Defendant Brink's negligence, was the direct and proximate cause of the Plaintiffs' damages which resulted when, during normal and foreseeable use, the subject residential security alarm system's internal components malfunctioned and caused a catastrophic fire.

## COUNT IV: NEGLIGENCE (BRINK'S)

52. Plaintiffs repeat the allegations contained in paragraphs 1 through 51 above and, heretofore reincorporate them herein.

9

53. Defendant Brink's had a duty to the Plaintiffs to provide a reasonably safe product and to warn of any reasonably forseeable dangers and/or defects associated with said product.

54. Defendant Brink's breached that duty in failing to provide a reasonably safe product and in failing to warn the Plaintiffs of known dangers and defect associated with the subject residential security alarm system.

55. As a direct and proximate result of the Defendant Brink's breach of duty, the Plaintiffs were damaged as set forth above.

## COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (BRINK'S)

56. Plaintiffs repeat the allegations contained in paragraphs 1 through 55 above and, heretofore reincorporate them herein.

57. Defendant Brink's conduct was extreme and outrageous in failing to provide a reasonably safe product and in failing to warn the Plaintiffs of known dangers and defects associated with the subject residential security alarm system.

58. As a direct and proximate result of the Defendant's extreme and outrageous conduct, Plaintiffs suffered severe emotional distress.

59. Plaintiffs' emotional distress manifested in physical ailments including, but not limited to, stress, anxiety, sleeplessness, loss of appetite, headaches, and nausea.

## COUNT VI: BREACH OF THE MASSACHUSETTS CONSUMER PROTECTION ACT (M.G.L.c.93A) (BRINK'S)

60. Plaintiffs repeat the allegations contained in paragraphs 1 through 59 above and, heretofore reincorporate them herein.

61. At all time material hereto, the Defendant Brink's was, and continues to be, engaged in interstate trade and commerce.

10

62. The aforesaid breaches of warranty and negligence of the Defendant Brink's in designing, manufacturing, distributing and selling a defective and unreasonably dangerous residential security alarm system, constitutes an unfair and deceptive business act or practice proscribed by this state's Consumer Protection Statute, under Massachusetts General Laws, Chapter 93A, §§ 2 and 9.

63. As a result of the above described unfair and deceptive act or practice, the Plaintiffs have sustained extensive damages and bodily injury as a proximate result of the involved fire and corresponding destruction of their property.

64. On or about September 14, 2004, the Plaintiffs, through their attorney, delivered to Defendant Brink's, via US Postal Service certified mail, return receipt requested, a written demand letter drafted pursuant to the aforementioned Consumer Protection Statute, identifying the claimant and reasonably describing the unfair acts and practices relied upon and the damages sustained, with detailed supporting documentation and proof demonstrating the Defendant Brink's corresponding liability for the involved damage is more than reasonable clear.

65. Defendant Brink's has subsequently failed to do any of the following:

   e) respond to the aforementioned consumer protection claim in accordance with Massachusetts General Laws Chapter 93A;

   f) accept responsibility for the involved damage claim;

   g) provide any reasonable explanation or basis for their implicit declination; and,

   h) make any reasonable attempt to settle the Plaintiffs' claim while failing to provide any reasonable explanation or basis for their inaction.

11

67. Therefore, in addition to Plaintiffs' original, underlying damages, Plaintiffs have also

sustained further damage caused by the Defendant Brink's continuing failure to resolve this

matter in good faith in accordance with the applicable provisions of the aforementioned

Consumer Protection Statute.

**WHEREFORE**, the Plaintiffs, PAUL E. PARTRIDGE and PAUL E. PARTRIDE, JR., request

the following relief:

1.  Enter judgment against the Defendant Applica Consumer Products, Inc.;

2.  Enter judgment against the Defendant Brink's Home Security, Inc.;

3.  Award damages to the Plaintiffs in an amount that this court deems just and appropriate;

4.  Treble the amount of damages awarded as provided by M.G.L., Chapter 93A;

5.  Award Plaintiffs interest, costs and expenses, and attorney's fees; and,

6.  Award such other relief as this court deems just and appropriate.

### JURY DEMAND

PLAINTIFFS REQUEST TRIAL BY JURY ON ALL COUNTS REFERENCED ABOVE.

Respectfully Submitted,
By the Plaintiffs,
**Paul E. Partridge and
Paul E. Partridge, Jr.,**
By Their Attorney

I HEREBY ATTEST AND CERTIFY ON

APRIL 7, 2005, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK

Jason E. Cohn
TOMMASINO & TOMMASINO
Two Center Plaza
Boston, MA  02810
(617) 723-1720
B.B.O.#638259

12

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 05-0678 | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Paul E. Partridge and Paul E. Partridge Jr. | Applica Consumer Products, Inc. and Brink's HOme Security Inc. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Jason E. Cohn, Esquire Tommasino & Tommasino 2 Center Plaza Boston, MA 02108 (617 723-1720) Board of Bar Overseers number: 638259 | |

**Origin code and track designation**

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability | ( A ) | (X) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; Indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................... $ 330.00
2. Total Doctor expenses ............................................ $
3. Total chiropractic expenses ...................................... $
4. Total physical therapy expenses ................................. $
5. Total other expenses (describe) ................................. $ 449.00
   Subtotal $ 779.00
B. Documented lost wages and compensation to date ............... $ 736.00
C. Documented property damages to date ........................... $
D. Reasonably anticipated future medical and hospital expenses ...... $
E. Reasonably anticipated lost wages .............................. $
F. Other documented items of damages (describe)
   $ ...........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiffs sustained extensive property damage and bodily injury in catastrophic fire caused as direct result of the dangerous and defective products of the Defendants
   $ ...........
   TOTAL $ 200,515.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ Jason E. Cohn    DATE: 2/18/05

AOTC-6 mic005-11/99
A.O.S.C 1-2000

I HEREBY ATTEST AND CERTIFY ON
APRIL 7, 2005 THAT THE
FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.