UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10601-MLW

|  |  |
|---|---|
| PAUL E. PARTRIDGE, <br> PAUL E. PARTRIDGE, JR. <br> Plaintiffs, <br><br> V. <br><br> APPLICA CONSUMER PRODUCTS, INC., <br> BRINK'S HOME SECURITY, INC., <br> Defendants, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' OPPOSITION
TO DEFENDANT BRINKS HOME SECURITY'S
<u>MOTION TO DISMISS</u>**

NOW COME the Plaintiffs Paul E. Partridge and Paul E. Partridge, Jr. ("Plaintiffs") in opposition to the Defendant Brink's Home Security, Inc. ("Brinks") Motion to Dismiss.

As grounds for the herein opposition, the Plaintiffs state the following:

**I.    BRINK'S MOTION IS NOT A MOTION TO DISMISS:**

A Complaint is not to be dismissed for a failure to state a claim unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. <u>National Organization for Women, Inc. v. Scheidler</u>, 510 U.S. 249, 256 (1994); <u>Gorski v. New Hampshire Dept. of Correction</u>, 290 F.3d 466, 473 (1st Cir. 2002) *citing* <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984). That is not the case here and Brink's Motion is not a motion to dismiss. Further, in reviewing a Motion to Dismiss, the allegations in the Complaint, as well as inferences that are to be drawn therefrom in the plaintiffs' favor, are to be taken as true. <u>Gorski v. New Hampshire Dept. of Correction</u>, 290 F.3d 466, 473 (1st Cir. 2002) *citing*

Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); *see also* SEC v. SG, Ltd., 265 F.3d 42, 46 (1st Cir. 2001)( "If the facts contained in the complaint, viewed in this favorable light, justify recovery under any applicable legal theory, we must set aside the order of dismissal.")

As a Motion to Dismiss, Brink's motion improperly relies upon matters and documents outside of the averments in the Complaint, namely an unauthenticated copy of a contract claimed to have been signed by Mr. Paul Partridge along with an affidavit of a Brink's employee, Don Breaux.  *See* 5A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1366 (2d ed.1990).  Ordinarily, a court may not consider any documents that are outside of the Complaint unless such documents are expressly incorporated by reference therein.  Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).  Brink's cites to the case of Alternative Energy, Inc. v. St. Paul Fire and Marine Inc. Co., 267 F.3d 30 (1st Cir. 2001), to support its attachment of extraneous documentation.  This reliance is misplaced.  Alternative Energy describes four limited and narrow exceptions to the rule of which none apply to the present case.  Alternative Energy, Inc. v. St. Paul Fire and Marine Inc. Co., 267 F.3d 30, 33 (1st Cir. 2001).  The document in question is not referenced by the complaint, it is not an official public record, it is not central to the plaintiffs' complaint (there are two plaintiffs, one of whom is not a party to the agreement), and the authenticity is challenged (whether or not the subject document represents an agreement or the entire agreement is a matter that must be proven by the Defendant as an affirmative defense).  *Id.*

The issues set forth in Brink's Motion raise numerous questions of fact and do not present any issue that can be decided on the pleadings or within the context of Rule 12(b)(6). Namely, by way of examples, whether the document presented as Exhibit 1 to the Brink's Motion is the entire contract or whether the document was amended, modified or supplemented.

Indeed there is no affidavit from anyone with personal knowledge as to whether the contract was validly executed or even signed by Mr. Partridge. There have been no disclosures and no discovery in this case. The Plaintiffs have had no opportunity to explore the validity of the document presented or the veracity and reliability of the statements set forth in the attached affidavit of Mr. Breaux (attached to the Brink's Motion as Exhibit 2.) For example, Paragraph 2 of Exhibit 2 is an affirmation that Mr. Breaux was "aware that Paul E. Partridge entered into a contract with Brink's" but does not make any attempt to cross-reference or authenticate the document itself that is purportedly contained in Exhibit 1. Furthermore, there is no affidavit from any employee with personal knowledge as to the execution of the document or as to who signed under what circumstance. Mr. Breaux further affirms that "[a]t no time did [Mr.] Partridge pay an additional charge to purchase the equipment". Again, these are statements beyond the four-corners of the Complaint and are inappropriate in support of a Motion to Dismiss. These issues cannot be ruled upon unless and until the Plaintiffs are afforded their opportunity to receive proper disclosures and conduct proper discovery. *See* Federal Rule of Civil Procedure 56(f). [1]

### II.     BRINK'S MOTION DOES NOT APPLY TO BOTH PLAINTIFFS:

Brink's presents no legal or factual basis as to why, even if taken as true, its supporting Exhibits have any applicability to Paul E. Partridge, Jr. Both he and his father, Paul E. Partridge, suffered loss of property and bodily injury as a result of the actions and inaction of Brink's. Brink's entire argument is based upon contractual language yet nowhere in the Exhibits presented by Brink's is there any evidence of contractual privity with Paul E. Partridge, Jr. Thus, the arguments advanced by Brink's in its Motion have no legal basis as to the junior Mr.

---

[1] Should the Court choose to convert Brink's Motion to one of Summary Judgment, the Plaintiffs would then be entitled to an opportunity to conduct discovery of all such issues made pertinent by the matters raised outside the

Partridge and therefore, as to he, regardless of whether portions of the Motion are or are not converted to one of Summary Judgment, the Motion must be denied.

**WHEREFORE,** the Plaintiffs Paul E. Partridge and Paul E. Partridge, Jr. request that this Honorable Court deny the Defendant Brink's Motion to Dismiss and award to them whatever such relief the Court deems just and appropriate.

>  Respectfully Submitted,
>  By the Plaintiffs,
>  **Paul E. Partridge and**
>  **Paul E. Partridge, Jr.,**
>  By Their Attorney,
>
>  */s/ Jason E. Cohn*
>  _____
>  Jason E. Cohn
>  TOMMASINO & TOMMASINO
>  Two Center Plaza
>  Boston, MA  02810
>  (617) 723-1720
>  B.B.O.#638259

### CERTIFICATE OF SERVICE

I, Jason E. Cohn, Esq., certify that on this 22nd day of April 2005, true copies of the following were served upon the attorneys of record for each party by first class mail:

1. **Plaintiffs' Opposition to Defendant Brink's Motion to Dismiss**

>  */s/ Jason E. Cohn*
>  _____
>  Jason E. Cohn, Esq.
>  B.B.O. #638259
>  TOMMASINO & TOMMASINO
>  2 Center Plaza
>  Boston, MA 02108
>  (617) 723-1720

---

pleading.  *See* Federal Rule of Civil Procedure 12(b); *see also* Storlazzi v. Bakey, 68 F.3d 455 (1st Cir. 1995).