```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

PAUL E. PARTRIDGE, and
PAUL E. PARTRIDGE, JR.
   Plaintiffs,


     v.                                CIVIL ACTION NO.
                                       05-10601-MBB

APPLICA CONSUMER PRODUCTS, INC., and
BRINK'S HOME SECURITY, INC.,
   Defendants.
```

### MEMORANDUM AND ORDER RE: DEFENDANT BRINK'S HOME SECURITY, INC.'S MOTION TO DISMISS (DOCKET ENTRY # 12)

### September 20, 2005

**BOWLER, U.S.M.J.**

Pending before this court is a motion to dismiss (Docket Entry # 12) filed by defendant Brink's Home Security, Inc. ("Brink's") pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). Plaintiffs Paul E. Partridge and Paul E. Partridge, Jr. ("plaintiffs") oppose the motion (Docket Entry # 15).

The complaint[1] alleges liability against Brink's for breach of an express warranty in Count I, breach of the implied warranty of merchantability in Count II, breach of the implied warranty of fitness for a particular purpose in Count III, negligence in Count IV, negligent infliction of emotional distress in Count V

---

[1] The complaint includes additional counts against defendant Applica Consumer Products, Inc. which are not relevant to the motion to dismiss.

and violation of Massachusetts General Laws chapter 93A in Count VI.  Brink's moves to dismiss all counts.

## STANDARD OF REVIEW

The standard of review of a motion to dismiss pursuant to Rule 12(b)(6) is well established.  In general, this court accepts the factual allegations in the complaint as true and makes all reasonable inferences in favor of plaintiffs.  Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).  Although "great specificity is ordinarily not required," Garita Hotel, Ltd. v. Ponce Federal Bank, 958 F.2d 15, 17 (1st Cir. 1992), it is nevertheless necessary to allege facts to support "each material element of the underlying legal theory."  Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990).  This court is not required to accept legal conclusions as true when considering a motion to dismiss.  New England Cleaning Services, Inc. v. American Arbitration Association., 199 F.3d 542, 545 (1st Cir. 1999).  As stated in Garita Hotel and repeatedly in other cases, a court may dismiss a count "for failure to state a claim only if it appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory."  Garita Hotel, Ltd. v. Ponce Federal Bank, 958 F.2d at 17.

Ordinarily, in deciding a motion to dismiss, a court may not consider any document outside of the complaint or a document not

expressly incorporated therein unless the motion is converted into one for summary judgment.  Watterson v. Page, 987 F.2d at 3.  There are, however, exceptions "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff's claim; or for documents sufficiently referred to in the complaint."  Watterson v. Page, 987 F.3d at 3; see also Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n. 3 (1st Cir. 1991) (considering documents submitted by the defendants in motion to dismiss securities fraud claim); Fudge v. Penthouse International, Ltd., 840 F.2d 1012, 1014-15 (1st Cir. 1988) (considering allegedly libelous article submitted by the defendants in deciding motion to dismiss); Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) (considering matters of public record).

In the motion to dismiss, Brink's argues that it is appropriate for this court to consider a contract allegedly entered into between Brink's and plaintiffs (Docket Entry # 13, Ex. 1) in determining whether plaintiffs have stated a claim upon which relief can be granted.  The contract, however, was not referred to or appended to the complaint.  Brink's further argues that, although the complaint makes no explicit reference to the contract, plaintiffs' allegations arise from the subject matter governed by the contract and as such this court should consider

the contract in deciding the motion to dismiss.  (Docket Entry # 13).

Brink's relies upon Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30 (1st Cir. 2001), to persuade this court to consider the contract in support of the motion to dismiss.  Brink's reliance, however, is misplaced.  The court in Alternative Energy took into consideration a settlement agreement that was not appended to or incorporated in the complaint and subsequently granted the defendant's motion to dismiss.  Id. at 33.

The case at bar, however, can be distinguished from Alternative Energy.  The complaint in that case referred to the settlement agreement or its terms numerous times.  Id. at 34.  In addition, the authenticity of the agreement was not in dispute.  Id.  The court therefore ruled that when "'a complaint's factual allegations are expressly linked to-and admittedly dependent upon-a document (the authenticity of which is not challenged)' then the court can review it upon a motion to dismiss."  Id. (quoting Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998)).  In the case at bar there is no mention whatsoever of any contract between the parties in the complaint.  Furthermore, plaintiffs challenge the authenticity of the contract.  Hence, it is improper to consider the contract in the course of deciding the motion to dismiss.

BACKGROUND

For purposes of the motion to dismiss, this court takes the facts alleged in the complaint as true and construes all reasonable inferences in favor of plaintiffs. The facts, as set forth in the complaint, are as follows.[2]

At all times material to the action before this court, plaintiffs resided at 61 Grayfield Avenue, West Roxbury, Massachusetts. (Docket Entry # 14, ¶ 1). On August 12, 2002, a fire occurred at plaintiffs' residence. Plaintiffs allege that the direct and proximate cause of the fire was a malfunctioning Black & Decker brand toaster, model number TS 215. (Docket Entry # 14, ¶ 7). This toaster was manufactured and distributed by defendant Applica Consumer Products, Inc. (Docket Entry # 14, ¶ 4).

Prior to the time of fire, plaintiffs purchased, owned and operated a residential home security system manufactured, distributed and installed by Brink's. (Docket Entry # 14, ¶ 10). Plaintiffs allege that the alarm system's malfunction exacerbated damages caused by the fire. (Docket Entry # 14, ¶ 12). As a result of the fire, plaintiffs' dwelling and personal property

---

[2] Legal conclusions are not taken as true and are, instead, noted below as allegations, not facts. See New England Cleaning Services, Inc. v. American Arbitration Association., 199 F.3d 542 at 545.

contained therein were destroyed and they sustained grievous bodily injury and pain and suffering.  (Docket Entry # 14, ¶¶ 7-9).

## DISCUSSION

In seeking to dismiss the complaint, Brink's argues that plaintiffs entered into the aforementioned contract and that it expressly governs the relationship between the parties and the claims before this court.  In particular, Brink's argues that the contract includes a statute of limitations for bringing a claim which plaintiffs failed to meet, that the contract contains language denying any express warranty and that the contract is a service contract and hence carries with it no implied warranty.

Turning to the statute of limitations argument, Brink's argues that section 12(e) of the contract (Docket Entry # 13, Ex. 1) contains language which provides for a limitations period of two years and one day within which all actions relating to the contract are required to be commenced.  Brink's claims that, since plaintiffs did not commence this suit until almost three years after the cause of action arose, the contract bars this action and all counts should be dismissed.  This argument, however, relies upon the existence of the contract, a document which this court cannot and does not consider in deciding the motion to dismiss.

6

Alternatively, Brink's argues that the contract expressly absolves Brink's from liability for any claim based upon breach of an express warranty, and as such Count I should be dismissed. Brink's points to section 7(a) of the contract (Docket Entry # 13, Ex. 1) which reads in part, " BRINK'S DOES NOT MAKE ANY EXPRESS . . . WARRANTY . . . THAT THE PROTECTIVE EQUIPMENT OR SERVICE WILL PREVENT ANY LOSS OF PROPERTY OR PERSONAL INJURY . . . BY FIRE . . .."  This argument, however, again requires the existence of the contract, which is not part of the record before this court at this time.

Additionally, Brink's argues that counts II and III should be dismissed as the contract entered into between the parties was a service contract, as opposed to a contract for the sale of goods.  Brink's argues that, unlike contracts for goods, service contracts do not include implied warranties of merchantability or fitness for a particular purpose.  Brink's points to language within section 5 of the contract (Docket Entry 13, Ex. 1) to prove that the contract was in fact for a service  and not for a sale of goods.  Section 5(a) of the contract reads in part, "[plaintiffs] AGREE THAT BRINK'S IS THE OWNER OF THE PROTECTIVE EQUIPMENT AT ALL TIMES."  Section 5(b) of the contract, however, provides the buyer with the opportunity to purchase the protective equipment, "[plaintiff] may pay an additional charge at the time of installation to purchase the Protective

Equipment." In addition to the contract, Brink's offers an Affidavit of Don Breaux (Docket Entry # 13, Ex. 2) to support its claim that plaintiffs did not pay the additional fee to purchase the protective equipment. Like the contract, however, the affidavit falls outside the four corners of the complaint and cannot be considered by this court at this time. In either case, Brink's argument is contingent upon how this court interprets the contract, a document that this court cannot consider in deciding a motion to dismiss.

Brink's arguments that plaintiffs failed to act within the contractual time limits, that the contract expressly shields Brink's from an express warranty claim and that the contract in question is a service contract and hence carries with it no implied warranties rely on the existence of the contract, a document not incorporated in any way within the four corners of the complaint. While Brink's may be able to show that a valid contract exists and that it is absolved from liability at a later stage in these proceedings, such arguments are nonetheless premature at this time.

In viewing the facts alleged in the complaint as true and construing all reasonable inferences in the light most favorable to plaintiffs, Brink's arguments are unavailing. Brink's fails to show that the contract falls under any of the exceptions to the axiom that consideration of matters outside the pleadings in

8

a Rule 12(b)(6) motion for failure to state a claim is improper. Because Brink's arguments are completely reliant upon the existence of a valid contract, which cannot be considered at this time, Brink's has failed to show that plaintiff has failed to state a claim for which relief can be granted.

## CONCLUSION

In accordance with the foregoing discussion, Brink's motion to dismiss (Docket Entry # 12) is **DENIED**.

                                        /s/ Marianne B. Bowler
                                        **MARIANNE B. BOWLER**
                                        United States Magistrate Judge