UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAUL E. PARTRIDGE and <br> PAUL E. PARTRIDGE, JR., <br><br> *Plaintiffs,* <br> v. <br><br> APPLICA CONSUMER PRODUCTS, INC. <br> and BRINK'S HOME SECURITY, INC., <br><br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. NO. 05-10601 (MBB) |

**DEFENDANT BRINK'S HOME SECURITY, INC.'S ANSWER TO PLAINTIFFS'
COMPLAINT AND JURY DEMAND WITH COUNTERCLAIM AND CROSSCLAIM**

Defendant Brink's Home Security, Inc. ("Brink's") hereby answers the allegations contained in plaintiffs Paul E. Partridge and Paul E. Partridge, Jr.'s Complaint (the "Complaint") and asserts its Affirmative Defenses, Counterclaim, and Crossclaim.

**THE PARTIES**

1. Brink's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Brink's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Brink's admits that Brink's is a Delaware corporation doing business in Massachusetts but denies the remaining allegations contained in paragraph 3 of the Complaint.

**ALLEGATIONS OF FACT COMMON TO ALL COUNTS**

4. Brink's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.  Brink's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.  Brink's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.  Brink's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.  Brink's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.  Brink's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Brink's admits that it installs and maintains residential home security systems but denies the remaining allegations in paragraph 10 of the Complaint.

11. Brink's denies the allegations contained in paragraph 11 of the Complaint.

12. Brink's denies the allegations contained in paragraph 12 of the Complaint.

13. Brink's denies the allegations contained in paragraph 13 of the Complaint.

14. Brink's denies the allegations contained in paragraph 14 of the Complaint.

## COUNT I: BREACH OF EXPRESS WARRANTY
## (APPLICA)

15. Brink's repeats and incorporates by reference its answers to paragraphs 1 through 14 as if fully set forth herein.

16. The allegations contained in paragraph 16 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

17. The allegations contained in paragraph 17 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

## COUNT II:  BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (APPLICA)

18. Brink's repeats and incorporates by reference its answers to paragraphs 1 through 17 as if fully set forth herein.

19. The allegations contained in paragraph 19 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

20. The allegations contained in paragraph 20 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

21. The allegations contained in paragraph 21 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

## COUNT III:  BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE (APPLICA)

22. Brink's repeats and incorporates by reference its answers to paragraphs 1 through 21 as if fully set forth herein.

23. The allegations contained in paragraph 23 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

24. The allegations contained in paragraph 24 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

25. The allegations contained in paragraph 25 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

### COUNT IV: NEGLIGENCE (APPLICA)

26. Brink's repeats and incorporates by reference its answers to paragraphs 1 through 25 as if fully set forth herein.

27. The allegations contained in paragraph 27 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

28. The allegations contained in paragraph 28 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

29. The allegations contained in paragraph 29 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

### COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (APPLICA)

30. Brink's repeats and incorporates by reference its answers to paragraphs 1 through 29 as if fully set forth herein.

31. The allegations contained in paragraph 31 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

32. The allegations contained in paragraph 32 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

33. The allegations contained in paragraph 33 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

### COUNT VI: BREACH OF THE MASSACHUSETTS CONSUMER PROTECTION ACT (M.G.L. c. 93A) (APPLICA)

34. Brink's repeats and incorporates by reference its answers to paragraphs 1 through 33 as if fully set forth herein.

35. The allegations contained in paragraph 35 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

36. The allegations contained in paragraph 36 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

37. The allegations contained in paragraph 37 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

38. The allegations contained in paragraph 38 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

39. The allegations contained in paragraph 39 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

40. The allegations contained in paragraph 40 of the Complaint are addressed to a defendant other than Brink's and therefore require no response. To the extent a response is required, Brink's denies the allegations contained in this paragraph.

### COUNT I:  BREACH OF EXPRESS WARRANTY (BRINK'S)

41. Brink's repeats and incorporates by reference its answers to paragraphs 1 through 40 as if fully set forth herein.

42. Brink's denies the allegations contained in paragraph 42 of the Complaint.

43. Brink's denies the allegations contained in paragraph 43 of the Complaint.

### COUNT II:  BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (BRINK'S)

44. Brink's repeats and incorporates by reference its answers to paragraphs 1 through 43 as if fully set forth herein.

45. Brink's denies the allegations contained in paragraph 45 of the Complaint.

46. Brink's denies the allegations contained in paragraph 46 of the Complaint.

47. Brink's denies the allegations contained in paragraph 47 of the Complaint.

### COUNT III:  BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE (BRINK'S)

48. Brink's repeats and incorporates by reference its answers to paragraphs 1 through 47 as if fully set forth herein.

49. Brink's denies the allegations contained in paragraph 49 of the Complaint.

50. Brink's denies the allegations contained in paragraph 50 of the Complaint.

51. Brink's denies the allegations contained in paragraph 51 of the Complaint.

### COUNT IV:  NEGLIGENCE (BRINK'S)

52. Brink's repeats and incorporates by reference its answers to paragraphs 1 through 51 as if fully set forth herein.

53. Brink's denies the allegations contained in paragraph 53 of the Complaint.

54. Brink's denies the allegations contained in paragraph 54 of the Complaint.

55. Brink's denies the allegations contained in paragraph 55 of the Complaint.

### COUNT V:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (BRINK'S)

56. Brink's repeats and incorporates by reference its answers to paragraphs 1 through 55 as if fully set forth herein.

57. Brink's denies the allegations contained in paragraph 57 of the Complaint.

58. Brink's denies the allegations contained in paragraph 58 of the Complaint.

59. Brink's denies the allegations contained in paragraph 59 of the Complaint.

### COUNT VI:  BREACH OF THE MASSACHUSETTS CONSUMER PROTECTION ACT (M.G.L. c. 93A) (BRINK'S)

60. Brink's repeats and incorporates by reference its answers to paragraphs 1 through 59 as if fully set forth herein.

61. Paragraph 61 of the Complaint states a legal conclusion to which no response is required.

62. Brink's denies the allegations contained in paragraph 62 of the Complaint.

63. Brink's denies the allegations contained in paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint purports to characterize a letter from the Partridges' attorney, the terms of which speak for themselves.

65. Brink's denies the allegations contained in paragraph 65 of the Complaint.

66. There is no paragraph 66 of the Complaint.

67. Brink's denies the allegations contained in paragraph 67 of the Complaint.

## JURY DEMAND

Brink's opposes plaintiffs' request for a trial by jury on all counts.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Brink's upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiffs' claims against Brink's are barred in whole or in part by applicable limitations periods.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claims against Brink's are barred because the damages plaintiffs have suffered, if any, were caused by the acts or omissions of other individuals or entities for whom Brink's is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claims against Brink's are barred to the extent any injury or damages they suffered were not proximately caused by Brink's conduct.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' claims against Brink's and any damages flowing from them are barred to the extent they are expressly disclaimed by the terms of Protective Service Agreement entered into between Paul E. Partridge and Brink's on December 12, 2000.

SIXTH AFFIRMATIVE DEFENSE

The plaintiffs' claims against Brink's are barred in whole or in part to the extent the plaintiffs were contributory or comparatively negligent.

SEVENTH AFFIRMATIVE DEFENSE

To the extent that the plaintiffs have failed to mitigate, minimize, or avoid their alleged damages, any recovery against Brink's must be reduced by that amount.

EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because Brink's did not sell any product to the plaintiffs.

**RESERVATION OF RIGHTS**

Brink's reserves the right to amend its Answer and to assert further Affirmative Defenses as may become available during the course of discovery in this action.

**COUNTERCLAIM**

1. Plaintiff-in-Counterclaim Brink's Home Security, Inc. ("Brink's") is a Delaware corporation with its headquarters in Irving, Texas.  Brink's is primarily engaged in the business of installing and monitoring home security systems.

2. Upon information and belief, defendants-in-Counterclaim Paul E. Partridge and Paul E. Partridge, Jr. (collectively, the "Partridges") are father and son and owners of real property at 61 Grayfield Avenue, West Roxbury, Massachusetts.

3. On December 12, 2000, Paul E. Partridge entered into a Protective Service Agreement (the "Agreement") with Brink's for the installation and maintenance of a home security system.

4. Section 8 of the Agreement provides that:

> In the event that any guest, tenant or other person shall make any claim or file any lawsuit against Brink's relating to the Protective Equipment at the

        installation address or the performance of the Service or any act or failure to act on your part, you shall release, defend, indemnify, and hold Brink's harmless from and against any such claims and lawsuits. This indemnity includes the payment of all damages, expenses, costs and attorney's fees, whether these claims be based upon active or passive negligence, warranty, or strict product liability on the part of Brink's, its agents, servants or employees.

5.      On or about February 22, 2005, the Partridges filed a Complaint against Brink's and against Applica Consumer Products, Inc. in the Superior Court Department of the Trial Court for Suffolk County. In or about April 2005, the case was removed to this Court.

6.      In the Complaint, the Partridges allege that Brink's is liable to them for damages incurred as a result of a fire in their home, which the Partridges claim was exacerbated by a Brink's home security system. Specifically, the Partridges assert claims against Brink's on theories of breach of express and implied warranty, negligence, negligent infliction of emotional distress, and violations of M.G.L. c. 93A.

7.      Brink's has denied that it has any liability for the injuries the Partridges allege they have suffered.

8.      Pursuant to Section 8 of the Agreement, Paul E. Partridge, Jr. shall be liable to Brink's in indemnification for all sums Brink's may be required to pay, including expenses, costs, attorneys' fees, and interest.

### **CROSSCLAIM AGAINST APPLICA**

1.      Plaintiff-in-Crossclaim Brink's Home Security, Inc. ("Brink's") is a Delaware corporation with a principal place of business in Irving, Texas. Brink's is engaged in the business of installing and monitoring home security systems.

2.      Defendant-in-Crossclaim Applica Consumer Products, Inc. ("Applica") is a Florida corporation with a principal place of business in Miramar, Florida. Applica is engaged in the business of manufacturing and distributing consumer appliances.

3. Upon information and belief, Plaintiffs Paul E. Partridge and Paul E. Partridge, Jr. (collectively, the "Partridges") are father and son and owners of real property in West Roxbury, Massachusetts.

4. On or about February 22, 2005, the Partridges filed a Complaint against Brink's and Applica in the Superior Court Department of the Trial Court for Suffolk County. In or about April 2005, the case was removed to this Court.

5. In the Complaint, the Partridges allege that Brink's is liable to them for damages incurred as a result of a fire in their home, which the Partridges claim was exacerbated by a Brink's home security system. Specifically, the Partridges assert claims against Brink's on theories of breach of express and implied warranty, negligence, negligent infliction of emotional distress, and violations of M.G.L. c. 93A.

6. Brink's has denied that it has any liability for the injuries the Partridges allege they have suffered.

7. If the Partridges are successful in any of their claims against Brink's, then Applica shall be liable to Brink's in contribution or indemnification for all sums Brink's may be liable to pay, including expenses, costs, attorneys' fees, and interest.

WHEREFORE, defendant/plaintiff-in-counterclaim/plaintiff-in-crossclaim Brink's requests that the Court:

1. enter judgment in its favor and against plaintiffs on each and every Count of the Complaint;

2. enter judgment in its favor and against Paul E. Partridge, Jr. on the Counterclaim;

3. enter judgment in its favor and against Applica on the Crossclaim;

4.  award Brink's its costs and attorneys' fees incurred in the defense of this action; and

5.  award such other relief as the Court deems appropriate.

> Respectfully submitted,
>
> BRINK'S HOME SECURITY, INC.
>
> By its attorneys,
>
> /s/ Jillian B. Hirsch
> Jonathan I. Handler (BBO# 561475)
> Jillian B. Hirsch (BBO# 659531)
> DAY, BERRY & HOWARD LLP
> One International Place
> Boston, Massachusetts 02110-3179
> (617) 345-4600

Dated: October 3, 2005

## CERTIFICATE OF SERVICE

I, Jillian B. Hirsch, do hereby certify that on October 3, 2005, I served the within ***Defendant Brink's Home Security, Inc.'s Answer To Plaintiff's Complaint and Jury Demand With Counterclaim and Crossclaim*** via e-mail to counsel for plaintiffs, Jason E. Cohn, Esq., Tommasino & Tommasino, Two Center Plaza, Boston, MA 02108, and counsel for Applica, Geoffrey M. Coan, Esq., Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 155 Federal Street, Boston, MA 02110.

> /s/ Jillian B. Hirsch
> Jillian B. Hirsch